WILLIAM R. TAMAYO (CA State Bar No. 84965)
JONATHAN T. PECK (VA State Bar No. 12303)
SANYA HILL MAXION (WA State Bar No. 18739)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
901 Market Street, Suite 500
San Francisco, California 94103
Telephone: (415) 356-5047
Facsimile: (415)625-5657

Attorneys for Applicant

FILED

2008 FEB -6  P 2: 54

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

   Applicant,

v.

ENGLISH OAKS CONVALESCENT & REHABILITATION CENTER,

   Defendant.

Civil Action No. CV 08-80017 MISC. RMW HRL

APPLICANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR AN ORDER ENFORCING SUBPOENA

## I. INTRODUCTION

This proceeding comes before the Court on the application of the United States Equal Employment Opportunity Commission (hereinafter the "EEOC" or the "Commission") for an Order enforcing an administrative subpoena served by the Commission, via certified mail, on July 05, 2007, upon English Oaks Convalescent & Rehabilitation Center (hereinafter "Respondent"). The EEOC issued the subpoena pursuant to its authority under 42 U.S.C. §12117(a), §710 of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42

U.S.C. §2000e-9, §11 of the National Labor Relations Act ("NLRA"), and 29 U.S.C. §161. The subpoena required Respondent to provide documents relevant to the Commission's investigation of a charge of sex discrimination and retaliation initially filed with the EEOC against Respondent on June 25, 2007.

42 U.S.C. §12117, provides, in relevant part, that the procedures set forth in §709 and §710 of Title VII, 42 U.S.C. §2000e-8 and §2000e-9, shall be the procedures applicable to EEOC investigations under §710 of Title VII. 42 U.S.C. §2000e-9, provides that the conduct of Commission investigations, including the resolution of matters pertaining to the Commission's subpoena power, shall be governed by §11 of the NLRA, 29 U.S.C. §161. Additionally, §11(2) of the NLRA confers jurisdiction upon the United States District Courts to enforce subpoenas issued in the course of administrative investigations. The instant action is brought under the authority of these provisions of federal law.

Respondent failed to comply with the requested production of documents relating to personnel records. As a result of the continued noncompliance by Respondent, the EEOC applies to this Court to issue an Order enforcing the subpoena.

## II. STATEMENT OF FACTS

On August 18, 2006, Ms. Maricela Olivares filed a charge of discrimination with the Commission alleging that Respondent, English Oaks Convalescent & Rehabilitation Center wrongfully discriminated against because of her pregnancy, in violation of Title VII of the Civil Rights Act of 1964, as amended.

On May 4, 2007, the EEOC sent a Request for Information (RFI) to the Respondent with a response date of May 19, 2007. The RFI included information about, but was not limited to the

Respondent's business policies, list of employees employed in Charging Party's department between January 01, 2005 to January 01, 2007, and a list of employees who received warning letters between January 01, 2005 to January 01, 2007, and their contact information, job title classification, and job status classification. Respondent requested and was granted an extension on May 18, 2007 of the RFI due date to June 1, 2007.

On June 1, 2007, Respondent provided a response to the RFI stating various objections, but failed to provide any information as previously requested on May 4, 2007. Subsequently, on June 1, 2007, a final request was forwarded to Respondent again requesting the sought information on or before June 15, 2007.

On June 25, 2007, Ms. Maricela Olivares amended her original charge alleging Respondent had subsequently retaliated against her for participating in protected activities in violation of Title VII of the Civil Rights Act of 1964, as amended.

On July 9, 2007, Respondent was served with the Subpoena and was informed to produce the information requested in the original RFI by July 26, 2007. However, on July 26, 2007, Respondent replied to the Commission's Subpoena with a refusal to produce any of the information requested, stating the EEOC's RFI violated privacy rights and that third party personnel records are protected from discovery. Moreover, Respondent also asserted that production of the requested information would violate Attorney-Client Privilege, in addition to being overly burdensome, harassing, oppressive, vague, and ambiguous. To date, Respondent has filed to comply with the Commission's Subpoena.

////

////

////

Applicant's Points & Authorities in Support of an Order Enforcing Subpoena - 3

## III. ARGUMENT

### A. Respondent Failed to Exhaust Its Administrative Remedies and Therefore Has Waived Its Right to Challenge the Subpoena

The Commission's procedural regulations specifically set forth procedures by which Respondents, such as English Oaks Convalescent & Rehabilitation Center, can raise objections to a subpoena. 29 C.F.R. §1601.16(b)(1) 2003. Under these regulations, any subpoena is subject to review by the Commission once a petition to modify or revoke the subpoena has been addressed to the District Director or General Counsel. The petition to revoke or modify the subpoena must be filed within five days (excluding Saturdays, Sundays and federal legal holidays) after service of subpoena.

The Respondent did not file a petition to revoke or modify the subpoena served to it on July 09, 2007, within the required five-day response period.[1] Respondent is therefore barred from raising any defense as to the judicial enforcement of the subpoena, since it failed to exhaust available administrative remedies. EEOC v. Cuzzens of Georgia, Inc., 608 F.2d 1062, 1064 (5th Cir. 1979); EEOC v. County of Hennepin, 623 F. Supp. 29, 31 (D.C. Minn. 1985) ("on the basis of failure to exhaust administrative remedies alone, defendant must comply with the subpoena").

In EEOC v. Roadway Express, Inc., 569 F. Supp. 1526 (N.D. Indiana, 1983), the court delineated compelling public policy considerations supporting the exhaustion requirement. The

---

[1] Respondent did file objection documentation, however that documentation was faxed to the EEOC 17 days after the subpoena was served on Respondent and cannot be construed as a petition to revoke or modify.

Applicant's Points & Authorities in Support of an Order Enforcing Subpoena - 4

court outlined six reasons for this doctrine, drawing upon the Supreme Court's analysis in McKart v. United States, 395 U.S. 185 (1979) stated as follows:

> (1) to avoid premature interruption of the administrative process; (2) to allow the agency to compile an accurate factual record, exercise its discretion or apply its expertise; (3) to improve the efficiency of the administrative agency; (4) to conserve scarce judicial resources since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (5) to give the agency a chance to discover and correct its own errors; and (6) to avoid the possibility that "frequent and deliberate flouting of administrative process could weaken the effectiveness of an agency by encouraging people to ignore its procedures."

EEOC v. Roadway Express, supra at 1529. Allowing Respondent to object to the production of relevant evidence after having failed to do so multiple times would signal to the Respondent that it may ignore the well-defined procedures of Title VII with impunity, and unnecessarily prolong the administrative process forcing the expenditure of scarce administrative and judicial resources.

### B. Respondent's State Right of Privacy Claim Fails Because Federal Law Preempts in Claims Brought under Title VII and

Respondent's claim that disclosure of requested information would violate privacy rights lacks merit. The Ninth Circuit has concluded that state created privileges do not control in a Title VII case. In Garrett v. City and County of San Francisco, 818 F.2d 1515, 1519 n.6 (9th Cir. 1987), the Ninth Circuit explained, [i]n a Title VII action . . . the federal common-law of privilege controls." Following the Ninth Circuit decisions, the District Court of Northern District of California has upheld the Commission's authority to gather information relevant to EEOC investigations. In EEOC v. County of San Benito, 818 F.Supp. 289, 291 (N.D. Cal. 1993), the court upheld an EEOC subpoena for personnel records, performance evaluations, attendance records, and other documents despite the existence of a California statute which declared personnel files of peace officers were confidential and not to be disclosed in any criminal or civil

proceeding. The court stated, "[t]he courts have decided that the federal Equal Employment Opportunity Commission's mandates preempt state restrictions." County of San Benito at 291[2]. Respondent's misstatement that California law is controlling is against the precedent of the courts and should be disregarded.

### C. Privacy and Confidentiality are Sufficiently Safeguarded by Statute, and thus are not Valid Objections to the Subpoena.

Respondent cannot assert that third party confidentiality rights – more specifically, its employees' privacy rights -- prevent it from producing information requested. However, personnel information is subject to the EEOC's subpoena power, despite Respondent's claims of privilege. "[C]onfidentiality is no excuse for noncompliance [with an EEOC subpoena] since Title VII imposes criminal penalties for EEOC personnel who publicize information obtained in the course of investigating charges of employment discrimination." EEOC v. Bay Shipbuilding Corp., 668 F.2d 304, 312 (7th Cir. 1981) (citing 42 U.S.C. §§ 2000e-5(b), 2000e-8(e)). In EEOC v. University of Pennsylvania, 493 U.S. 182, 110 S. Ct. 577 (1990), the Court rejected the University's argument that the Court could, in its discretion, require a showing of more than relevance as a condition of obtaining confidential peer review materials used in tenure decisions. In flatly rejecting this argument, the Court noted that, although Title VII contains no privilege to protect employees' privacy, "Congress did address situations in which an employer may have an interest in the confidentiality of its records." Id. at 192. The Court said Congress provided a "modicum of protection" by making it unlawful under Section 2000e-8(e) of Title VII for the Commission to disclose information obtained under its investigative authority. Id.; see also

---

[2] The case cited by Respondent is not dispositive. That case involved a private plaintiff seeking disclosure rather than the EEOC. Harding Lawson Assocs. V. Superior Court, 10 Cal. App. 4th 7 (1981) (finding that employer was not required to provide personnel records and other documents to private plaintiff).

Applicant's Points & Authorities in Support of an Order Enforcing Subpoena - 6

Garrett v. City and County of San Francisco, 818 F.2d 1515, 1519 n.6 (9th Cir. 1987)(finding that personnel files of fire fighters are discoverable in a Title VII action despite claims of privilege because the federal law of privilege controls); County of San Benito, 818 F. Supp. at 290-91(ordering County to comply with EEOC subpoenas because federal evidentiary law preempts California's confidentiality laws relating to peace officers); Kerr v. United States District Court, 511 F.2d 192, 197 (9th Cir. 1975)(affirming grant of discovery motion requiring production of personnel files of members and executive personnel of the California Adult Authority); County of Hennepin, 623 F. Supp. at 33 (Respondent must produce allegedly confidential personnel files and was not entitled to a protective order prohibiting public disclosure); Gallardo v. Board of County Comm'rs, 881 F. Supp. 525, 529 (D. Kan. 1995) (state privilege for unemployment proceeding transcripts does not apply in federal question case).

As discussed above, federal law preempts state confidentiality restrictions, and any third party privacy interests will be adequately protected by the statutory prohibitions against disclosure of such information. The disputed evidence sought must be produced in full.

### D. The Commission's Subpoena is Relevant, Specific to the Investigation and is not Unduly Burdensome for the Respondent.

The Supreme Court has recognized the broad investigative authority of the Commission, noting that the EEOC is afforded access to "virtually any material that might cast light on the allegations against the employer." EEOC v. Shell Oil Co., 466 U.S. 54, 68-69 (1984) (upholding a subpoena for information pertaining to employment practices). Other Courts have followed this decision and granted the EEOC broad authority to investigate. The Sixth Circuit stated, "[n]otions of relevancy at the investigatory stage are very broad." EEOC v. Cambridge Tile Mfg

Applicant's Points & Authorities in Support of an Order Enforcing Subpoena - 7

Co., 590 F.2d 205, 206 (6th Cir. 1979) (upholding a subpoena for information related to sex discrimination, although the original charge was for race discrimination). The Ninth Circuit has reiterated this position noting, "the scope of relevancy, for purposes of the EEOC's investigatory powers, is quite broad." EEOC v. Recruit U.S.A., Inc., 939 F.2d 746, 756 (9th Cir. 1991) (upholding an injunction against destroying, altering, or removing four and one-half years of documents pertaining to race, sex and age discrimination).

Given the Commission's broad investigatory authority as defined by the courts the requests issued in this case are appropriate. The information requested by the EEOC is necessary to address claims of sexual harassment and retaliation, to examine Respondent's employment patterns and practices regarding the Charging Party's position, Certified Nursing Assistants.

Respondent claims that the requests for information relating to the Commission's investigation of the charges are overbroad, oppressive, vague, and ambiguous. This contention lacks merit. The EEOC only seeks information needed to conduct an informed investigation. All information is integral because all facts are needed understand the environment and circumstances regarding the Charging Party's employment. The demand as crafted is specific and material to the investigation since the information asked for will shed light on the Respondent's employment practices regarding others employed in the same position as the Charging Party. The request is limited to a discrete time frame a number of individuals.

Unless the cost of compliance with a subpoena is "unduly burdensome in the light of the company's normal operating costs," the court should enforce the subpoena. See EEOC v. Maryland Cup Corp., 785 F.2d 471, 475 (4th Cir. 1986). A court will not excuse compliance with a subpoena for relevant information on the grounds of burdensomeness unless the Respondent establishes that "compliance threatens to unduly disrupt or seriously hinder normal

operations of a business." Id. (finding it not unduly burdensome to require company to spend $75,000 to inspect photo identifications to identify the race of employees and to interview employees for information on former employees); see also EEOC v. Citicorp Diners Club, 985 F.2d 1036, 1040 (10th Cir. 1993); EEOC v. A. E. Staley Mfg. Co., 711 F.2d 780, 788 (7th Cir. 1983); FTC v. Rockefeller, 591 F.2d 182, 190 (2d Cir. 1979); FTC v. Texaco, 555 F.2d 862, 882 (D.C. Cir. 1977) (en banc); Valley Indus. Servs., 570 F. Supp. at 907. Respondent has failed to provide any evidence to make the required showing that compliance would entail an unreasonable burden on its business.

## IV. CONCLUSION

For the reasons stated above, the United States Equal Employment Opportunity Commission respectfully requests that Respondent be ordered to comply with the Administrative subpoena issued to it by the EEOC on July 09, 2007. The subpoena seeks information relevant to a valid and timely charge of discrimination that is within the EEOC's enforcement authority. Further, Respondent has not established that complying with the subpoena would be unduly burdensome. The Commission therefore requests the court to issue the accompanying proposed Order Enforcing Subpoena.

Dated this February 5, 2008

_/s/ Sanya Hill Maxion_

SANYA HILL MAXION
Attorney for Applicant,
U.S. Equal Employment Opportunity Commission